**FILED**

**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE DUPAGE COUNTY BOARD OF ELECTION COMMISSIONERS, a body politic; KAMI HIERONYMUS, not individually, but as County Clerk of Bureau County; SHARON HOLMES, not individually, but as County Clerk of DeKalb County; RENNETA MICKELSON, not individually, but as County Clerk of Kendall County; NANCY NELSON, not individually, but as County Clerk of Lee County; BARBARA M. LINK, not individually, but as County Clerk of Henry County; JOHN A. CUNNINGHAM, not individually, but as County Clerk of Kane County; and the CITY OF AURORA BOARD OF ELECTION COMMISSIONERS, a body politic,<br><br>Plaintiffs,<br><br>vs.<br><br>ILLINOIS STATE BOARD OF ELECTIONS, a body politic; and JOHN LAESCH, JOTHAM STEIN, BILL FOSTER, each individually, as certified Democratic candidates for the February 5, 2008, Special Primary Election for the 14th Congressional District; CHRIS LAUZEN and JIM OBERWEIS, each individually, as certified Republican candidates for the February 5, 2008, Special Primary Election for the 14th Congressional District,<br><br>Defendants. | **08 C 232**<br><br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE COX**<br><br><br><br>Case No. |

## COMPLAINT FOR DECLARATORY RELIEF

NOW COME the PLAINTIFFS, the DUPAGE COUNTY BOARD OF ELECTION COMMISSIONERS (hereinafter referred to as the "DUPAGE COMMISSION"), a body politic; KAMI HIERONYMUS (hereinafter referred to as "HIERONYMUS"), not individually, but as County Clerk of Bureau County; SHARON HOLMES (hereinafter referred to as "HOLMES"), not individually, but as County Clerk of DeKalb County; RENNETA MICKELSON (hereinafter

referred to as "MICKELSON"), not individually, but as County Clerk of Kendall County;
NANCY NELSON (hereinafter referred to as "NELSON"), not individually, but as County Clerk
of Lee County; BARBARA M. LINK (hereinafter referred to as "LINK"), not individually, but
as County Clerk of Henry County, by and through their attorneys, PATRICK K. BOND and
KEITH E. LETSCHE of BOND, DICKSON & ASSOCIATES, P.C.; and JOHN A.
CUNNINGHAM (hereinafter referred to as "CUNNINGHAM"), not individually, but as County
Clerk of Kane County, by and through his attorneys, JOHN A. BARSANTI, State's Attorney for
Kane County, and his Assistants, MARY KATHERINE MORAN and AMY P. ENGERMAN;
and the CITY OF AURORA BOARD OF ELECTION COMMISSIONERS (hereinafter referred
to as the "AURORA COMMISSION"), by and through PETER K. WILSON and DEAN M.
FRIEDERS, of MICKEY, WILSON, WEILER, RENZI & ANDERSSON, P.C. (hereinafter
sometimes collectively referred to as the "PLAINTIFFS"), and pursuant to 28 U.S.C. § 2201
state unto this Honorable Court the following as their Compliant for Declaratory and Injunctive
Relief and Declaratory Judgment against DEFENDANTS, ILLINOIS STATE BOARD OF
ELECTIONS (hereinafter referred to as the "STATE BOARD"), a body politic; and JOHN
LAESCH (hereinafter referred to as "LAESCH"), JOTHAM STEIN (hereinafter referred to as
"STEIN"), BILL FOSTER (hereinafter referred to as "FOSTER"), each, individually, as certified
Democratic candidates for the February 5, 2008, Special Primary Election for the 14th
Congressional District; and CHRIS LAUZEN (hereinafter referred to "LAUZEN"), and JIM
OBERWEIS (hereinafter referred to as "OBERWEIS"), each, individually, as certified
Republican candidates for the February 5, 2008, Special Primary Election for the 14th
Congressional District (hereinafter sometimes collectively referred to as "DEFENDANTS" and

LAESCH, STEIN, FOSTER, LAUZEN, and OBERWEIS sometimes collectively referred to as the DEFENDANT CANDIDATES).

## PARTIES

1.    The DUPAGE COMMISSION is a body politic and existing pursuant to Section 6 A-1 *et seq.* of the Illinois Election Code, 10 ILCS 5/6 A-1 *et seq.*, and pursuant thereto is authorized to carry out elections within the County of DuPage, Illinois, outside the City of Aurora.

2.    HIERONYMUS is the duly elected and incumbent County Clerk of the County of Bureau, Illinois, and in that capacity, pursuant to the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County.

3.    HOLMES is the duly elected and incumbent County Clerk of the County of DeKalb, Illinois, and in that capacity, pursuant to the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County.

4.    MICKELSON is the duly appointed and incumbent County Clerk of the County of Kendall, Illinois, and in that capacity, pursuant to the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County outside the City of Aurora.

5.    NELSON is the duly elected and incumbent County Clerk of the County of Lee, Illinois, and in that capacity, pursuant to Section 1-1 *et seq.* of the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County.

6.    LINK is the duly elected and incumbent County Clerk of the County of Henry, Illinois, and in that capacity, pursuant to the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County.

7.     CUNNINGHAM is the duly elected and incumbent County Clerk of the County of Kane, Illinois, and in that capacity, pursuant to the Illinois Election Code, 10 ILCS 5/1-1 *et seq.*, is authorized to carry out elections within said County outside the City of Aurora.

8.     AURORA COMMISSION is a body politic and existing pursuant to Sections 6-1 *et seq.*, of the Illinois Election Code, 10 ILCS 5/6-1 *et seq.* and pursuant thereto is authorized to carry out elections within the City of Aurora, Illinois.

9.     The STATE BOARD is a body politic existing pursuant to Sections 2 A-1 *et seq.*, of the Illinois Election Code, 10 ILCS 5/1 A-1 *et seq.*, and pursuant thereto is authorized to have general supervision over the administration of the registration and election laws throughout the State of Illinois.

10.     LAESCH has been certified by the STATE BOARD to the PLAINTIFFS as a Democratic candidate for the February 5, 2008, Special Primary Election for the 14th Congressional District nominee.

11.     STEIN has been certified by the STATE BOARD to the PLAINTIFFS as a Democratic candidate for the February 5, 2008, Special Primary Election for the 14th Congressional District nominee.

12.     FOSTER has been certified by the STATE BOARD to the PLAINTIFFS as a Democratic candidate for the February 5, 2008, Special Primary Election for the 14th Congressional District nominee.

13.     LAUZEN has been certified by the STATE BOARD to the PLAINTIFFS as a Republican candidate for the February 5, 2008, Special Primary Election for the 14th Congressional District nominee.

14.    OBERWEIS has been certified by the STATE BOARD to the PLAINTIFFS as a Republican candidate for the February 5, 2008, Special Primary Election for the 14th Congressional District nominee.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, as this matter arises out of Federal Law providing for the election of a U.S. Congressional Representative and Special Elections to fill vacancies.  Further, this Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1344, as this matter involves a dispute over a Federal Election. Finally, this Court has jurisdiction to hear this declaratory judgment matter pursuant to 28 U.S.C. § 2201 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

16.    Venue is proper in the Northern District of Illinois because the vacant Congressional Representative Office, Congressional Representative District and the parties are located within this District.

## FACTUAL BACKGROUND

17.    Article I, Section 2 of the United States Constitution, U.S. Const. Art. I, § 2, requires that the executive authority of the state issue writs of election to fill a vacancy in the office of U.S. Representative in the state having the vacancy.

18.    In conformance therewith, Section 2 A-4 of the Illinois Election Code, 10 ILCS 5/2 A-4, provides that a vacancy in the office of U.S. Representative shall be filled by a special election pursuant to writs of election issued by the Governor, and Section 25-7 of the Code, 10 ILCS 5/25-7, requires that the Governor issue writs of election within five (5) days after the occurrence of such vacancy to the election authorities in the district where the vacancy exists, appointing a day within 115 days to hold a special election to fill such vacancy.

19.     In accordance with Article I, Section 2 of the U.S. Constitution, and Sections 2 A-4 and 25-7 of the Illinois Election Code, the Governor of Illinois, on December 3, 2007, issued Writs of Election (hereinafter referred to as the "WRITS") to each of the PLAINTIFFS commanding them to hold a special election to fill a vacancy in the office of U.S. Representative for the 14th Congressional District of the State of Illinois.  True and correct copies of the WRITS are attached hereto and incorporated herein by reference as Group Exhibit "A."

20.     The WRITS command the PLAINTIFFS to hold a special election to fill said U.S. Representative vacancy on Saturday, March 8, 2008.

21.     The WRITS also command the PLAINTIFFS to hold a primary election with respect to such special election on February 5, 2008, if such primary is necessary.

22.     Pursuant to Section 7-12(b) of the Election Code, 10 ILCS 5/7-12(b), a special primary election for purposes of filling a vacancy in the office of U.S. Representative is required whenever a nomination of a political party for such office is contested.

23.     On December 28, 2007, the STATE BOARD certified to the PLAINTIFFS LAESCH, STEIN, and FOSTER as candidates for the Democratic nominee to fill the office of U.S. Representative from the 14th Congressional District in the March 8, 2008, Special Election, and LAUZEN and OBERWEIS as candidates for the Republican nominee to fill such vacancy in the March 8, 2008, Special Election.

24.     Accordingly, pursuant to Section 7-12(b) of the Election Code, the nominees of the Democratic and Republican parties of the March 8, 2008, Special Election are contested and a Special Primary Election to determine the nominee of each party is required.

## COUNT I

### DECLARATORY JUDGMENT AS TO THE MODIFICATION OF CERTAIN ELECTION CODE TIME PERIODS AND PROCEDURES RELATIVE TO THE FEBRUARY 5, 2008 , AND MARCH 8, 2008, SPECIAL ELECTIONS

25.     The PLAINTIFFS reallege and incorporate by reference paragraphs 1-24 as though fully set forth herein as paragraph 25 of this Count I.

26.     For special elections, Illinois law authorizes the shortening of time periods required by the Illinois Election Code for regular elections.

27.     The Election Code requires a special election to be held within 115 days of the issuance of a Governor's writ, and despite cooperation between the Governor and the Election Officials the statutory time lines will necessarily be compromised.

28.     PLAINTIFFS have, in fact, already shortened time periods required in the Election Code to hold the Special Primary on February 5, 2008, the date suggested by Representative Hastert:  the Code requires seventy-two (72) days between notice of the special primary election and the date of the special primary election.

29.     In the case of petitions for nomination to fill a vacancy by special election in the office of representative in Congress, petitions for nomination are required to be filed with the State Board of Elections not more than fifty-seven (57) days and not less than fifty (50) days prior to the date of the primary, pursuant to Section 7-12 of the Election Code.

30.     Notice of the primary must be given at least fifteen (15) days prior to the maximum time provided for the filing of petitioner for such primary, pursuant to Section 7-12 of the Election Code.

31.     If these statutory guidelines were followed, the special primary could not be held until February 12, 2008.

32.     Accordingly, PLAINTIFFS are entitled to seek a shortening of the time periods required by the Election Code in regular elections for each of the procedures stated below, so that theses procedures may be accommodated within the time frame established by the WRITS and conflicts and overlapping between these statutory time periods eliminated:

A.     The final canvass by the STATE BOARD of provisional ballots which, under Section 18 A-15 of the Illinois Election Code, 10 ILCS 5/18 A-15, the STATE BOARD has thirty-one (31) days to complete after receipt of returns by local election authorities, which, in turn under that section have fourteen (14) days to count and validate such ballots and seven (7) days thereafter to complete their final canvass.

B.     In-person voting for the March 8, 2008, Special Election at the office of Town and Municipal Clerks provided for in Section 19A-15 of the Illinois Election Code, 10 ILCS 5/19A-15, which must begin not less than twenty-two (22) days before such election for voters unable to vote on that day because of physical incapacity, religious observances, election and law enforcement duties or confinement pending acquittal or conviction for a crime.

C.     Absentee voting by members of the U.S. military personnel pursuant to Sections 20-1 and 20-2 of the Illinois Election Code, 10 ILCS 5/20-1 and 20-2, which Sections authorize such voters to make application to local election authorities not less than ten (10) days before an election.

D.     Absentee voting by United States citizens temporarily residing outside of the United States pursuant to Sections 20-1 and 20-2.1 of the Illinois Election Code, 10 ILCS 5/20-1 and 20.2.1, which Sections authorize such voters

to make application to local election authorities for an absentee registration and absentee ballot not less than thirty (30) days before the election.

      E.      Absentee voting by non-resident civilians for whom Sections 20-1 and 20-2.2 of the Illinois Election Code, 10 ILCS 5/20-1 and 20-2.2, require local election authorities to make available applications not less than ten (10) days before an election.

      F.      Early voting pursuant to Section 19 A-15 of the Illinois Election Code, 10 ILCS 5/19 A-15, requires local election authorities to conduct early voting beginning twenty-two (22) days preceding the election through the fifth day prior thereto.

      G.      The making of abstracts of votes for the February 5, 2008, Special Primary Election pursuant to Section 22-1 of the Illinois Election Code, 10 ILCS 5/22-1, which allows local election authorities twenty-one (21) days after the election to return and make abstracts of votes for the election.

      H.      Pursuant to Section 16-5.01 (a) of the Ilinois Election Code, 10 ILCS 5/16-5.01(a), the sixty (60)-day period prior to the date of a general election involving federal officers during which election authorities are required to have sufficient printed ballots for U.S. military personnel and U.S. citizens residing permanently or temporarily outside the country who have applied for absentee voting under Sections 20-1 *et seq.* of the Illinois Election Code, 19 ILCS 5/20-1 *et seq.*

I.      The first day of grace period voting, which pursuant to Sections 4-50, 5-50, and 6-100 of the Illinois Election Code, 5 ILCS 5/4-50, 5-50, and 6-100, is the twenty-second (22nd) day before the election.

J.      The discovery recount time frame pursuant to Section 22-9.1 of the Illinois Election Code, 10 ILCS 5/22-9.1, which would require a discovery recount period to begin five (5) days following the certification of the results of the Special Primary Election.

33.      Attached hereto and incorporated herein by reference as Group Exhibit "B" are PLAINTIFFS' "Special 14th Congressional District Primary Election Calendar" and "Special Congressional District General Election Calendar," which show with respect to these elections: 1)  the statutory terminal date (in bold, underlined italics) for the procedures in Paragraph 27, A through J, whose time periods the PLAINTIFFS have agreed will need to be reduced to allow PLAINTIFFS to carry out their elections responsibilities; and 2), preceding the statutory date, the terminal date for the reduced period agreed to by PLAINTIFFS.

34.      Further, PLAINTIFFS will not be able to have the voting machine memory cards available for the March 8, 2008, Special Election, unless the clearance of data thereon from the February 5, 2008, Special Primary Election can occur immediately after the official canvass of the results of the said Special Primary Election.

35.      Consequently the PLAINTIFFS  propose to convert the data on the memory to a hard copy format for purposes of any recount proceeding, which would allow the memory cards from the Special Primary Election to be cleared ("zero-ed out") and retested for the General Special Election, said clearance of the data from the memory cards being in accordance with the

10

Special 14th Congressional District Primary Election Calendar and Special Congressional District General Election Calendar in Group Exhibit "B."

36.     The reduced time periods set forth in Group Exhibit "B" and the clearance of the February 5, 2008, Special Primary Election data from the memory cards and conversion to hard copy are not violative of the constitutional rights of the DEFENDANT CANDIDATES or of the voters in the February 5, 2008, Special Primary Election and the March 8, 2008, Special Elections.

36.     For the foregoing reasons, PLAINTIFFS are entitled to a declaratory judgment that the shortened time periods for certain Illinois Election Code procedures as set forth in the Calendars in Group Exhibit "B" and clearance of the February 5, 2008, Special Primary Election data from the memory cards and its conversion to hard copy are in compliance with the WRITS and the Illinois Election Code and do not violate the constitutional rights of the DEFENDANT CANDIDATES and the voters in the February 5, 2008, Special Primary Election and the March 8, 2008, Special Election.

WHEREFORE, PLAINTIFFS, the DUPAGE COUNTY BOARD OF ELECTION COMMISSIONERS, JOHN A. CUNNINGHAM, KAMI HIERONYMUS, SHARON HOLMES, RENNETA MICKELSON, NANCY NELSON, BARBARA M. LINK, and the CITY OF AURORA BOARD OF ELECTION COMMISSIONERS, pray that this Honorable Court enter an order pursuant to 28 U.S.C. § 2201, and Rules 57 and 65 of the Federal Rules of Civil Procedure:

A.     Declaring as constitutional and in compliance with state and federal election law, the shortened time periods for certain Illinois Election Code procedures as required to comply with the issuance of Writs calling for the elections in this cause, and as set forth in the Special

14th Congressional District Primary Election Calendar and the Special Congressional District General Election Calendar in Group Exhibit "B;"

B.    Declaring as constitutional and in compliance with state and federal election law the clearance of the February 5, 2008, Special Primary Election data from the memory cards and its conversion to hard copy

C.    For such other relief to which PLAINTIFFS may be entitled.

## COUNT II

### COMPLIANCE WITH THE UNIFORMED AND OVERSEAS CITIZENS ABSENTEE VOTING ACT OF 1986

37.    The PLAINTIFFS reallege and incorporate by reference paragraphs 1-24 as though fully set forth herein as Paragraph 37 of this Count II.

38.    Section 1973 ff-1 of the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA") requires that absentee registration and balloting procedures be made available to U.S. military personnel and U.S. citizens resident outside the country for all general, special, primary and run-off elections involving federal office.

39.    The Federal Voter Assistance Program guidelines for UOVACA recommend a period of forty-five (45) day for the mailing of absentee ballots to voters and their return to election authorities.

40.    It should be noted that if all Illinois statutory time periods were adhered to, PLAINTIFFS could not possibly comply with the forty-five (45) day recommended period for the mailing and return of absentee ballots under UOVACA.

41.    The thirty-two (32) day period between February 5, 2008, Special Primary Election and the March 8, 2008, Special Election does not allow PLAINTIFFS to meet the

recommended forty-five (45) day period for absentee voting under UOVACA using a conventional ballot which lists as choices the two DEFENDANT CANDIDATES who will be nominated in the February 5, 2008, Special Primary Election to stand for election on March 8, 2008.

42.    To comply with the forty-five (45) day recommended period for the mailing and return of absentee ballots under UOVACA for the March 8, 2008, Special Election, PLAINTIFFS propose to use the Special Write-in Absentee Voter's Blank Ballot, authorized for use by Section 16-5.01 (b) of the Illinois Election Code, 10 ILCS 16-5.01(b), where a printed ballot is not available for mailing sixty (60)-days before a general election to U.S. military personnel and U.S. citizens resident outside the country who have filed applications for absentee ballots.

43.    Additionally, while the Illinois Election Code in Section 16-5.01(b), 10 ILCS 16-5.01(b), authorizes the Special Write-in Absentee Voter's Blank Ballot for any general election at which federal officers are elected in the event that a printed ballot is not available for mailing, the Illinois Election Code makes no provision for the use of such a Special Write-in Absentee Blank Voter's Ballot in the case of a primary election at which federal officers are elected where a printed ballot is not available.

44.    To comply with UOVACA's requirements for the mailing and return of absentee ballots for the February 5, 2008, Special Primary Election, PLAINTIFFS seek authorization to use the Special Write-in Absentee Voter's Blank Ballot, authorized for use by Section 16-5.01 (b) of the Illinois Election Code, 10 ILCS 16-5.01(b), for that election in the event that printed ballots are not available for mailing forty-five (45) days before that election to U.S. military

personnel and U.S. citizens resident outside the country who have filed applications for absentee ballots.

45.    The Special Write-in Absentee Voter's Blank Ballot procedure in Section 16-5.01 (b), 10 ILCS 16-5.01(b), of the Illinois Election Code complies with the absentee balloting requirements of UOVACA and regulations and guidelines relating to the implementation thereof.

46.    PLAINTIFF'S use of the Special Write-in Absentee Voter's Blank Ballot procedure in Section 16-5.01 (b) of the Illinois Election Code, 10 ILCS 16-5.01(b), for the February 5, 2008, Special Primary Election and the March, 8, 2008, Special Election under UOVACA is proper and necessary.

WHEREFORE, PLAINTIFFS, the DUPAGE COUNTY BOARD OF ELECTION COMMISSIONERS, JOHN A. CUNNINGHAM, KAMI HIERONYMUS, SHARON HOLMES, RENNETA MICKELSON, NANCY NELSON, BARBARA M. LINK, and the CITY OF AURORA BOARD OF ELECTION COMMISSIONERS, pray that this Honorable Court enter an order pursuant to 28 U.S.C. § 2201, and Rules 57 and 65 of the Federal Rules of Civil Procedure:

A.    Declaring that the Special Write-in Absentee Voter's Blank Ballot procedure in Section 16-5.01 (b) of the Illinois Election Code, 10 ILCS 16-5.01(b), complies with the absentee balloting requirements of UOVACA and regulations and guidelines relating to the implementation thereof;

B.    Declaring the use of the said Special Write-in Absentee Voter's Blank Ballot by PLAINTIFFS in the March 8, 2008, Special Election for absentee voting under UOVACA is proper and necessary; and

C.    Declaring the use of the said Special Write-in Absentee Voter's Blank Ballot by PLAINTIFFS in the February 5, 2008, Special Primary Election for absentee voting under UOVACA is proper and necessary; and

D.    For such other relief to which PLAINTIFFS may be entitled.

<div style="margin-left:30%">

Respectfully submitted,

DUPAGE COUNTY BOARD OF ELECTION COMMISSIONERS; KAMI HIERONYMUS, Bureau County Clerk; SHARON HOMES, DeKalb County Clerk; RENNETA MICKELSON, Kendall County Clerk; NANCY NELSON, Lee County Clerk; and BARBARA M. LINK, Henry County Clerk

By: */s/ Patrick K. Bond*
         Patrick K. Bond, One of their Attorneys

JOHN CUNNINGHAM, Kane County Clerk

By his attorney

JOHN A. BARSANTI, State's Attorney, Kane County

By: */s/ Mary Katherine Moran*
         Mary Katherine Moran, Assistant State's Attorney

CITY OF AURORA BOARD OF ELECTION COMMISSIONERS

By: */s/ Peter Wilson*
         Peter Wilson, One of its Attorneys

</div>

| | |
|---|---|
| Patrick K. Bond (ARDC No. 06193855) | Hon. John A. Barsanti |
| Keith E. Letsche (ARDC No. 06180988) | State's Attorney, Kane County, Illinois |
| BOND, DICKSON & ASSOCIATES, P.C. | Amy Engerman (ARDC No. 06277932) |
| 301 S. County Farm Road, Suite E | Mary Katherine Moran (ARDC No. 06193430) |
| Wheaton, IL 60187 | Assistant State's Attorneys |
| (630) 681-1000 | Kane County Judicial Center |
| | 100 S. Third Street, 4th Floor |
| Peter K. Wilson (ARDC No. 03035689) | Geneva, IL 60134 |
| Dean M. Frieders (ARDC No. 06282902) | (630) 2008-5320 |
| Mickey, Wilson, Weiler, Renzi & Andersson, P.C. | |
| 2111 Plum Street, Suite 201 | |
| Aurora, IL 60507 | |
| (630) 801-9699 | |