# EXHIBIT "3"

to United States' Amicus Curiae Brief

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 88-0610 |
| | : (Judge Kosik) |
| COMMONWEALTH OF PENNSYLVANIA; | : |
| ROBERT P. CASEY, GOVERNOR OF | : |
| THE COMMONWEALTH OF | : |
| PENNSYLVANIA; JAMES J. | : |
| HAGGERTY, SECRETARY OF THE | : |
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : |
| Defendants | : |

FILED
SCRANTON
APR 25 1988

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The court, having considered United States' application for a temporary restraining order and motion for preliminary injunction and the declarations filed in support thereof, and after service and notice to the Commonwealth of Pennsylvania, and having heard the counsel for the parties, hereby finds that:

1. Defendants have inadvertently failed to take such steps as are necessary to ensure that those individuals located outside the United States on April 26, 1988, primary election day, who are qualified to vote absentee pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§1973ff, *et seq.*, and who have applied in a timely fashion for absentee ballots, will be given a reasonable opportunity to execute and return such ballots before 5 p.m., Friday, April 22, 1988 (the deadline for receipt of such ballots).

2. There are reasonable grounds to believe that this

AO 72A
(Rev. 8/82)

failure involves a violation of the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§1973ff, et seq.

3. The United States citizens located abroad who are eligible to vote in the Commonwealth of Pennsylvania under the aforementioned Act will be irreparably injured by this failure because these overseas citizens have not been given a reasonable opportunity to execute and return absentee ballots before 5 p.m., Friday, April 22, 1988, and, as such, they will effectively be denied their right to vote in the April 26, 1988 primary election.

4. Issuance of this Order will serve the public interest by protecting the right to vote of American citizens overseas, as that right is set forth in the Uniformed and Overseas Citizens Absentee Voting Act.

5. The degree of harm that may be suffered by defendants as a consequence of this Order is insignificant.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

[a] The defendants, their agents, officers, and employees, and all those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained from failing or refusing to take such steps as are necessary to ensure that the following ballots for federal offices in the April 26, 1988 primary general election are counted as validly cast ballots: ballots cast pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, by persons outside the United States on

election day which are received on or before May 6, 1988, by the appropriate election officials, so long as the ballots would have been counted if they had been received by 5 p.m., Friday, April 22, 1988.

[b] It is further ORDERED that while the aforementioned ballots cannot be challenged or counted at the appropriate election district level, as required by Title 25 P. S. Section 3146.8(a), they shall be available for challenges and counting by appropriate county boards of election at a time to be appointed by said boards as part of the regular public canvassing process provided for under Title 25 P. S. Section 3154 and in a manner similar to that provided for processing challenged absentee ballots under Section 3146.8(e); all to be accomplished without unnecessarily delaying certification of the election to the Secretary of the Commonwealth.

[c] It is further ORDERED that defendants shall immediately inform all local election officials in the state of the provisions of this Order.

[d] It is further ORDERED that the court sets Friday, April 29, 1988 at 10:30 a.m., United States Court, Scranton, Pennsylvania, as the time for the defendants' to be heard, if they deem necessary, to consider dissolution or modification.

[e] It is further ORDERED that the defendants shall notify the Director of the United States Department of Defense's Federal Voting Assistance Program (FVAP) as soon as this Order has been signed and request that the FVAP take such action as is necessary to notify overseas voters of the extension of time for

receipt by Pennsylvania election officials of such ballots. The state shall assist the FVAP in whatever way necessary to publicize such extension of time.

DATED: April 25, 1988

_____
Edwin M. Kosik
United States District Judge

Certified from the record
Date  4-25-88
Donald R. Berry, Clerk
or _____
Deputy Clerk