# EXHIBIT "4"

to United States' Amicus Curiae Brief

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
SEP 12 2002
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____, DEPUTY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STATE OF OKLAHOMA;
OKLAHOMA STATE ELECTION
BOARD; and MICHAEL CLINGMAN,
as Secretary of the
Oklahoma State Election
Board,

        Defendants.

CIV-02-1273 L

Civil Action No.

### CONSENT DECREE

A. **STIPULATIONS OF THE PARTIES**

The United States of America, plaintiff, and defendants State of Oklahoma, Oklahoma State Election Board, and Michael Clingman, Secretary of the Oklahoma State Election Board, stipulate and agree, for the purpose of the September 17, 2002, federal primary runoff election, that:

1. This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. § 1973ff to 1973ff-6 ("UOCAVA" or "the Act").

2. This Court has jurisdiction of this action pursuant to

42 U.S.C. § 1973ff-4 and 28 U.S.C. § 1345.

3. The Uniformed and Overseas Citizens Absentee Voting Act provides, <u>inter alia</u>, that absentee uniformed services voters and overseas voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

4. The United States, by this action, seeks injunctive relief under UOCAVA to assure that citizens living abroad, who are qualified to vote in the September 17, 2002, federal primary runoff election of the State of Oklahoma, and who have filed timely applications for absentee ballots, will have their ballots counted.

5. The Defendant State of Oklahoma is charged with the responsibility of assuring that Oklahoma election laws, as applied, comply with the provisions of UOCAVA.

6. Defendant Michael Clingman is the Secretary of the Oklahoma State Election Board, and in that capacity has supervisory authority over Oklahoma's county election boards and responsibility for the administration of state laws affecting voting.

7. In the September 17, 2002, federal primary runoff election, the voters of the State of Oklahoma will select or participate in the selection of nominees for, <u>inter alia</u>, the

2

office of United States Senator.

8. County election officials of the State of Oklahoma have received timely requests for absentee ballots from overseas voters, who are entitled to vote pursuant to the provisions of UOCAVA.

9. Under Oklahoma law, absentee ballots received after 7:00 p.m. on the date of the election are not counted with respect to any office. Okla. Stat. tit. 26, § 14-104.

10. In order to allow overseas citizens a fair opportunity to vote by absentee ballot, election officials in Oklahoma must mail the ballots to the voters on a date sufficiently in advance of election day to allow the voter to receive the ballot, cast his or her vote, and return the ballot to the office of the election official by the deadline established by state law (7:00 p.m. on election day). The United States Postal Service estimates that a period of 10 to 14 days is a reasonable benchmark from the time of posting to the time of delivery of international mail and that a period of 20 to 28 days is a reasonable benchmark for a round trip if the addressee responds on the day he or she receives the letter. The United States Department of State has estimated that 10 to 14 days is a reasonable one-way international benchmark. The Military Postal Service Agency estimates that approximately 30 days are necessary for mail to military personnel to make a complete round trip to

and from overseas locales. This estimate takes into account the fact that some military personnel are stationed in remote areas. The defendants do not stipulate to the accuracy of these estimates.

11. Because the 2002 Oklahoma statewide primary election was held August 27, 2002, and its results were not certified until August 30, 2002, election officials in Oklahoma counties could not mail absentee ballots to military and civilian overseas voters on a date sufficiently in advance of the September 17, 2002, primary runoff election to allow such voters to receive the ballot, cast a vote, and return the ballot to election officials by the deadline established by state law (7:00 p.m. on election day).

12. The failure of county election authorities in Oklahoma to mail absentee ballots to military and civilian overseas voters on a date sufficiently in advance of September 17, 2002, to allow the voting and return of ballots by the deadline established by state law, will deprive United States citizens of an opportunity to vote in the September 17, 2002, federal primary runoff election contrary to the provisions of the Uniformed and Overseas Citizens Absentee Voting Act.

13. To ensure that all citizens abroad who are protected under the Act, are eligible to vote in the State of Oklahoma, and have made timely requests for absentee ballots, have a reasonable

opportunity to have ballots counted in the September 17, 2002, federal primary runoff election, it is appropriate for this Court to enter an order extending by fourteen (14) days the deadline for receipt of absentee ballots from overseas citizens and military personnel. Under this extension, absentee ballots from overseas citizens and military personnel received by the close of business on October 1, 2002, will be accepted and tabulated in the final election results for the federal primary runoff election of September 17, 2002. However, this will not prevent defendant Oklahoma State Election Board from declaring the successful candidate in a federal primary runoff contest prior to the final tabulation of those absentee ballots if the total number of such ballots sent to military personnel and overseas citizens would be mathematically unable to affect the outcome of the election.

14. This consent decree is final and binding as to all issues resolved herein.

B. ORDER

WHEREFORE, the parties having freely given their consent, and the terms of the decree being fair, reasonable, and consistent with the requirements of the Uniformed and Overseas Citizens Absentee Voting Act,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The defendants shall take all steps necessary to ensure

that all ballots cast in the September 17, 2002, federal primary runoff election and received by the close of business on October 1, 2002, are counted as validly cast ballots with respect to all federal offices, if they are cast by citizens abroad who are protected under the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. § 1973ff to 1973ff-6, and who made timely applications for absentee ballots.

    2. The defendants will not be prevented from declaring the successful candidate in a federal primary runoff contest prior to the final tabulation of the ballots that are to be counted pursuant to Paragraph B.1 of this decree, if the number of absentee ballots mailed to military personnel and overseas citizens would be mathematically insufficient to affect the outcome of the election.

    3. The defendants shall notify the Director of the Federal Voting Assistance Program (FVAP) of the United States Department of Defense as soon as this decree has been signed and request that the FVAP take such action as is necessary to notify overseas voters of the extension of time for receipt by Oklahoma election officials of such ballots. The defendants shall assist the FVAP in whatever way may be reasonably necessary to publicize this extension of time.

    4. Within 45 days after September 17, 2002, the defendants shall file a report with this Court, with respect to the

September 17, 2002, federal primary runoff election, which sets forth the following information:

    (a) the dates on which each county in the State of Oklahoma began and completed the process of mailing ballots to citizens located abroad;

    (b) the number of valid absentee ballots received by each county before 7:00 p.m., Tuesday, September 17, 2002, from citizens living abroad;

    (c) the number of absentee ballots, by county, received and counted after 7:00 p.m. September 17, 2002, but prior to the close of business October 1, 2002, from citizens living abroad; and

    (d) the number of absentee ballots, by county, received from citizens located abroad later than the close of business October 1, 2002, and for that reason not counted.

5.    The Court retains jurisdiction of this action to enter such further relief as may be necessary for the effectuation of the terms of this Decree.

    ORDERED this _12_ day of September, 2002.

                                                      [signature]
                                               United States District Judge

The undersigned agree to the entry of this Decree.

For the Plaintiff
United States of America:

RALPH F. BOYD, JR.
Assistant Attorney General for
Civil Rights

*[signature]*

JOSEPH D. RICH
STEPHEN B. PERSHING
TIMOTHY C. LAMBERT
Attorneys, Voting Section
Civil Rights Division--NWB
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 305-1238
(202) 307-3961 (facsimile)

ROBERT G. McCAMPBELL
United States Attorney for the
Western District of Oklahoma

BY: *[signature]*
TOM MAJORS
Assistant U.S. Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8814
(405) 553-8885 (facsimile)

For Defendants State of
Oklahoma, Oklahoma State
Election Board and the
Secretary of the Election
Board of the State of
Oklahoma:

*[signature]*

JANIS W. PRESLAR
Assistant Attorney General
State of Oklahoma
4545 N. Lincoln Blvd.
Suite 260
Oklahoma City, OK 73105
(405) 522-4387
(405) 528-1867 (facsimile)

8